IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AUSTIN JAY BURNS                                                                                    PLAINTIFF

      v.                                       Civil No. 09-5164

LT. CARTER, Benton County
Detention Center; and
DEPUTY BONFANTI,
Benton County Detention Center                                                                DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      The Plaintiff filed this case pursuant to the provisions of 42 U.S.C. § 1983.  He proceeds *pro se* and *in forma pauperis*.

      Plaintiff is currently incarcerated at the Southwest Arkansas Community Corrections Center in Texarkana, Arkansas.  The events at issue in this case occurred while Plaintiff was incarcerated for approximately six months beginning on July 9, 2009, in the Benton County Detention Center in Bentonville, Arkansas. Plaintiff alleges his constitutional rights were violated when:  (1) excessive force was used against him; (2) he was threatened; and (3) he was retaliated against.

      Currently before the undersigned is the Defendants' **Motion for Summary Judgment (Doc. 13)**.  Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56 (c).  The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992).

      To assist Plaintiff in responding to the motion for summary judgment, the undersigned propounded a questionnaire (Doc. 22).  In the questionnaire, Plaintiff was asked to indicate whether

he intended to sue the Defendants in their official capacity, individual capacity, or in both capacities. Plaintiff responded, "official capacity." (Doc. 23 at 20, Question No. 31.) However, Plaintiff was also asked to indicate whether he contended a custom, policy, or practice of Benton County resulted in the violation of his constitutional rights – which is what he must contend to support claims against the Defendants in their official capacities – and Plaintiff responded, "I don't understand the question."

Construing Plaintiff's response to the questionnaire liberally, as the undersigned must given that he is proceeding pro se, it appears he does not understand the distinctions between official and individual capacity claims. The undersigned notes that the distinction can be difficult for even those with legal training to make. See, e.g., Vanhorn v. Oelschlager, 502 F.3d 775, 779 (8th Cir. 2007) (state officials misconstrued the distinctions between official and individual capacity claims and the immunities available). If Plaintiff is suing the Defendants in their individual capacities, it appears that there are factual issues in dispute which would preclude the grant of summary judgment. If Plaintiff is suing the Defendants in their official capacities and cannot come forth with evidence of a custom, policy, or practice of Benton County that resulted in the violation of his constitutional rights, then summary judgment may, in fact, be appropriate. As it is unclear at this stage of the proceedings in what capacity Plaintiff is suing the Defendants, the undersigned does not believe it would be appropriate to grant summary judgment at this time.

Accordingly, the undersigned recommends **DENYING** Defendants' **Motion for Summary Judgment (Doc. 13)** without prejudice. Should this recommendation be adopted, the undersigned will schedule an evidentiary hearing in this matter. At this hearing, the parties will be permitted to call witnesses and present evidence and the Plaintiff will be required to clarify whether he is suing the Defendants in their official or individual capacities. Upon conclusion of the hearing, the

Defendants may, if they believe the circumstances warrant, renew their motion for summary judgment.

The undersigned is sensitive to the fact that a defendant should be apprised of what capacity he or she is being sued in to be able to properly defend the action. However, in the present case, the undersigned does not believe that the Defendants will be prejudiced in any way by waiting until the evidentiary hearing to have the individual/official capacity issue clarified, as the Defendants' summary judgment motion addressed Plaintiffs' claims as if they were asserted in both capacities.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 2nd day of March 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE