IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

AUSTIN JAY BURNS                                                                                    PLAINTIFF

          v.                              Civil No. 09-5164

LT. CARTER; and
DEPUTY BONFANTI                                                                            DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Austin J. Burns, filed this action pursuant to 42 U.S.C. § 1983 on August 5, 2009. By notice (Doc. 31) and scheduling order (Doc. 32) entered on July 21, 2011, this case was set for an evidentiary hearing on February 28, 2012. Plaintiff is proceeding *pro se* and *in forma pauperis* in this case. As a result, the Court issues and serves all subpoenas and writs for witnesses. In order to be able to issue subpoenas or writs for witnesses, the Court must have the Plaintiff's response to the scheduling order. Plaintiff's response to the scheduling order was due by January 28, 2012.

On January 13, 2012, a reminder letter was sent to Plaintiff and Defendants' counsel. The parties were reminded that their responses to the scheduling order were due by no later than January 28, 2012. A show cause order (Doc. 36) was entered on January 31, 2012, giving Plaintiff until February 6, 2012, to show cause why this case should not be dismissed based on his failure to respond to the scheduling order. Plaintiff was advised that failure to respond to this show cause order will result in the dismissal of this case.

The show cause order has been returned as undeliverable. This address was provided to the Court by the Plaintiff (Doc. 30). No other address is available for him. Plaintiff has not

contacted the Court. He has not filed a response to the scheduling order or to the show cause order.

I therefore recommend that this case be dismissed based on Burns's failure to obey the order of the Court and his failure to prosecute this action. Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of February 2012.

/s/ *Erin L. Setser*
   HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)